**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

AIMEE CHERRY,

    Plaintiff

vs.

FAURECIA INTERIOR SYSTEMS, INC.

    Defendant

Case No. 2:25-cv-11429

Hon.

**COMPLAINT and**
**JURY DEMAND**

---

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7529 / F: (313) 470-2011
michael@markolaw.com

---

## INTRODUCTION

1.    This is an action for race and gender discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, arising from Plaintiff's employment with Defendant Faurecia Interior Systems, Inc.

2.    Plaintiff Aimee Cherry, an African American woman, was subjected to severe and pervasive harassment based on her race and gender while employed in

1

Defendant's maintenance apprenticeship program in Fraser, Michigan. After repeatedly raising concerns, Plaintiff was unlawfully retaliated against and ultimately terminated.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3), as this action arises under federal law.

4. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in this District and Defendant conducts business here.

## PARTIES

5. Plaintiff Aimee Cherry is an African American woman residing in Wayne County, Michigan. At all relevant times, Plaintiff was employed by Defendant in its Fraser, Michigan facility.

6. Defendant Faurecia Interior Systems, Inc. is a foreign corporation headquartered in Nanterre, France, with substantial operations in Michigan. Defendant does business in the Eastern District of Michigan and employs more than 15 employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2

*Aimee Cherry v. Faurecia Interior Systems, Inc.*
Case No.: 2:25-cv-11429

Michael L. Jones, Esq.
Jon R. Marko, Esq.

7. On March 11, 2025, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race, sex, and retaliation.

8. On or about March 19, 2025, the EEOC issued a Notice of Right to Sue. This action is filed within 90 days of Plaintiff's receipt of that notice.

## FACTUAL ALLEGATIONS

9. On or about November 29, 2021, Plaintiff was accepted into Defendant's Maintenance Apprenticeship Program in Fraser, Michigan, a program governed by Title 29 of the Code of Federal Regulations, Parts 29 and 30.

10. Plaintiff had previously completed a pre-apprenticeship and was credited with prior experience, reducing the term of her apprenticeship to approximately 4,404 hours.

11. Plaintiff was qualified for her position and performed her job duties in a satisfactory manner.

12. Despite Plaintiff's qualifications and dedication, she was subjected to harassment by male co-workers and supervisors beginning shortly after she began the program.

13. Plaintiff was frequently called "stupid," "dumb," and told that "a woman doesn't belong in maintenance."

3

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

14.     One co-worker yelled at her while throwing tools and kicking equipment, creating a threatening and abusive environment.

15.     Other employees stated openly that they were "not going to teach her shit," and that they would not help her because she was a woman.

16.     On one occasion, a co-worker humiliated Plaintiff over the company radio, falsely accusing her of not doing an assignment and calling her a liar in front of the entire workforce.

17.     The harassment was witnessed by supervisors, including her direct supervisor Steve McCannon, who failed to intervene or discipline the harassers.

18.     Plaintiff filed complaints with Human Resources, the union, and spoke with management, including Mike McKenzie, who acknowledged that she was being mistreated.

19.     Despite these reports, no remedial action was taken, and the abuse continued.

20.     Plaintiff's mental and physical health deteriorated, resulting in a doctor's order to take medical leave beginning on February 3, 2023, for high blood pressure and psychological distress.

21.     Plaintiff exercised her right to take protected leave under the FMLA, and Defendant approved her request for leave.

4

22. Plaintiff complied with the requirements of the FMLA, including providing appropriate medical certification and notice to her employer.

23. Plaintiff was on leave for a qualifying serious health condition.

24. Plaintiff was abruptly terminated on or about October 30, 2024, by phone.

25. Plaintiff's termination followed her protected complaints of harassment and discrimination.

26. Plaintiff's termination was motivated by her decision to take FMLA-protected leave and was in retaliation for exercising her rights.

27. Defendant's stated reasons for termination were pretextual, and the real reason was discriminatory and retaliation for her protected activity.

## CAUSES OF ACTION

### COUNT I
### Gender and Race Discrimination
### (Title VII of the Civil Rights Act – 42 U.S.C. § 2000e-2)

28. Plaintiff realleges the preceding paragraphs as if fully restated herein.

29. At all material times, Plaintiff identified as an African American female.

30. At all material times, Defendant employed Plaintiff, covered by and within the meaning of 42 U.S.C. § 2000e et. seq.

5

*Aimee Cherry v. Faurecia Interior Systems, Inc.*
Case No.: 2:25-cv-11429

Michael L. Jones, Esq.
Jon R. Marko, Esq.

31.    Defendant discriminated against Plaintiff based on her race and gender by allowing a hostile work environment, treating her less favorably than similarly situated employees, and ultimately terminating her, as fully articulated herein above.

32.    Plaintiff complained about the harassment and the events described above to Defendants.

33.    The harassment was severe and pervasive.

34.    The harassment interfered with Plaintiff's ability to do her job and promote through the program.

35.    Defendant did not promptly remedy the ongoing harassment when Plaintiff complained.

36.    Defendant permitted the harassment to continue.

37.    Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's rights under Title VII.

38.    Defendant's conduct in refusing to provide her training based on her gender constitutes gender harassment and discrimination in violation of 42 U.S.C. § 2000e et. seq.

39.    As a direct and proximate result, Plaintiff suffered emotional distress, mental anguish, stress, humiliation, embarrassment, outrage, fear and mortification,

6

*Aimee Cherry v. Faurecia Interior Systems, Inc.*
Case No.: 2:25-cv-11429

Michael L. Jones, Esq.
Jon R. Marko, Esq.

economic damages, lost wages, future wages, lost past and future employment benefits, loss of earning capacity, costs, attorney fees, and other damages.

## COUNT II
### Hostile Work Environment
### (Title VII of the Civil Rights Act – 42 U.S.C. § 2000e-2)

40. Plaintiff realleges the preceding paragraphs as if fully restated herein.

41. At all material time, Defendant employed Plaintiff, covered by and withing the meaning of 42 U.S.C. § 2000e et. seq.

42. Defendant is vicariously liable for the violation of Plaintiff's civil rights act by its employees and agents under the doctrine of *respondeat superior.*

43. Plaintiff was subjected to severe and pervasive harassment based on her race and gender, which created an intimidating, hostile, and offensive working environment, as described above.

44. Defendant knew or should have known about the harassment and failed to take prompt or effective remedial action.

45. The hostile environment interfered with Plaintiff's ability to perform her job and caused significant emotional harm.

## COUNT III
### Retaliation
### (Title VII – 42 U.S.C. § 2000e-3)

46. Plaintiff realleges the preceding paragraphs as if fully restated herein.

*Aimee Cherry v. Faurecia Interior Systems, Inc.*  Michael L. Jones, Esq.
Case No.: 2:25-cv-11429  Jon R. Marko, Esq.

47.     Plaintiff engaged in protected activity by complaining about gender and race discrimination and harassment to Human Resources, management, and her union, as fully described above.

48.     Plaintiff's protected activity was known to Defendant.

49.     Defendant failed and refused to take any meaningful action regarding the harassment and discrimination of Plaintiff.

50.     Defendant retaliated against Plaintiff by subjecting her to continued mistreatment, failing to remedy the harassment, disciplining Plaintiff, giving her poor performance reviews, placing her on improvement plans, and ultimately terminating her employment.

51.     Defendant's retaliation was intentional and unlawful, in violation of Title VII.

52.     There is a causal connection between protected activity and the adverse employment actions taken against Plaintiff.

**COUNT IV**
**FMLA Retaliation**
**(29 U.S.C. § 2615(a)(2))**

53.     Plaintiff realleges the preceding paragraphs as if fully restated herein.

54.     Plaintiff engaged in protected activity by taking FMLA leave for a serious health condition.

8

*Aimee Cherry v. Faurecia Interior Systems, Inc.*                    Michael L. Jones, Esq.
Case No.: 2:25-cv-11429                                               Jon R. Marko, Esq.

55. Defendant retaliated against Plaintiff for taking FMLA leave by terminating her employment.

56. There is a causal connection between Plaintiff's protected leave and her termination.

57. Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's rights under the FMLA.

58. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, benefits, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. **Compensatory damages** for emotional distress, mental anguish, and loss of reputation;

B. **Back pay** and **front pay** for lost wages and benefits;

C. **Punitive damages** due to Defendant's willful and malicious conduct;

D. **Attorney's fees and costs** pursuant to 42 U.S.C. § 2000e-5(k);

E. **Equitable relief**, including reinstatement (if applicable) or an injunction against further                                                                                          discrimination;

F. Any other relief the Court deems just and proper.

9

*Aimee Cherry v. Faurecia Interior Systems, Inc.*                                    Michael L. Jones, Esq.
Case No.: 2:25-cv-11429                                                        Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Michael L. Jones*

Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
Ph: (313) 777-7529 / F: (313) 470-2011
michael@markolaw.com

Dated: May 15, 2025

---

10