UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE CHERRY,

        Plaintiff,

v.

FAURECIA INTERIOR SYSTEMS, INC.,

        Defendant.
_____/

Case No. 2:25-cv-11429

District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL SITE INSPECTION (IN PART WITH PREJUDICE, IN PART WITHOUT PREJUDICE) (ECF No. 20) and GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S NOTICE OF SITE INSPECTION (IN PART WITH PREJUDICE, IN PART WITHOUT PREJUDICE) (ECF No. 22)

**A.  Background**

In the operative pleading, Plaintiff describes this matter as "an action for race and gender discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, arising from Plaintiff's employment with Defendant Faurecia Interior Systems, Inc."  (ECF No. 14, ¶ 1.)

Judge Hood has referred this case to me for pretrial matters, excluding dispositive motions.  (ECF No. 12.)  On October 17, 2025, Plaintiff served a notice of site inspection, seeking to inspect eight areas at Defendant's facility in Fraser,

1

Michigan.  (ECF No. 20-1, PageID.158-159.)  Defendant served its objections on October 30, 2025.  (ECF No. 20-2.)

**B.     Instant Motions**

Currently pending before the Court is Plaintiff's November 6, 2025 motion to compel site inspection (ECF No. 20) and Defendant's November 7, 2025 motion for protective order regarding Plaintiff's notice of site inspection (ECF No. 22). Defendant has filed a response (ECF No. 24) and a statement of unresolved issues (ECF No. 25).  Pursuant to the Court's notice, counsel for the parties (Attorneys Reno Arabo and Marlo J. Roebuck) appeared in person for a motion hearing on December 12, 2025.  (ECF Nos. 21, 23.)[1]

Following oral argument, the Court issued its ruling from the bench.

**C.     Order**

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein,</u> Plaintiff's motion to compel site inspection (ECF No. 20) is **DENIED** and Defendant's motion for protective order regarding Plaintiff's notice of site inspection (ECF No. 22) is **GRANTED**, as follows:

---

[1] If he has not done so by the time this order is filed, Attorney Arabo shall file an appearance, forthwith.

- As to the purpose of inspection (ECF No. 20-1 ¶ 1), the record is undeveloped as to the "material events alleged in the Complaint . . ." (*id.*), such as who, what, when, where, how, why, etc.

- As to the proposed date and time (*id.*, ¶ 2), the inspection will take place on a date and at a time of Defendant's choosing.

- As to the locations to be inspected (*id.*, ¶ 3):

    o   The request to inspect the "Manager's Office − including the office of Steve McCannon . . ." (No. 1) is **DENIED WITHOUT PREJUDICE**, due to the undeveloped record.

    o   The request to inspect "Plaintiff's Work Area" (No. 2) is too vague and too broad and, thus, is **DENIED WITH PREJUDICE** as stated but otherwise **DENIED WITHOUT PREJUDICE**, subject to further development of the record.

    o   The request to inspect "Location of Termination" (No. 3) is **DEEMED WITHDRAWN**, as Plaintiff is alleged to have been terminated over the phone, per Plaintiff's operative complaint. (ECF No. 14, PageID.87, ¶ 24.)

    o   The request to inspect "Break Room(s)" (No. 4) is too vague and, therefore, **DENIED WITHOUT PREJUDICE** to renewing the request when there is a more developed record.

    o   The request to inspect "Human Resources Offices" (No. 5) is **DENIED WITHOUT PREJUDICE**.

    o   The request to inspect "Other Managerial Offices" (No. 6) is too broad and too vague and, thus, is **DENIED WITH PREJUDICE** as stated.

    o   The request to inspect "Exterior Premises" (No. 7) is **DENIED WITHOUT PREJUDICE** to renewing the request with more specific information.

    o   The request to inspect the "Punch in/Punch out Area" (No. 8) is too broad and, thus, is **DENIED WITH PREJUDICE** as stated but

> otherwise **DENIED WITHOUT PREJUDICE**, subject to further development of the record.

- As to the scope of inspection (*id.*, ¶ 4), Plaintiff's requests to "take limited video recordings" or "observe any items or features of evidentiary value" are **DENIED WITH PREJUDICE**; however, Plaintiff's requests to "inspect and photograph the listed areas" and "measure distances and physical layout features" are **DENIED WITHOUT PREJUDICE**. In any event, should such an inspection take place in the future based on a more developed record, Plaintiff will not be permitted to interview any witnesses as part of that inspection.

- As to the persons attending on Plaintiff's behalf (*id.*, ¶ 5), Plaintiff's counsel, his assistant, and Plaintiff are approved, but only in the event that further development of the record warrants an inspection of any kind or scope.

- As to the documents or information requested for reference during inspection (*id.*, ¶ 6), Plaintiff may make serve requests for production of documents, consistent with Fed. R. Civ. P. 34, separate and apart from her document inspection notice, but not to be included within it.

To the extent Plaintiff's motion has been **DENIED WITH PREJUDICE**, any related objection by Defendant as to relevancy, scope and proportionality (*see* ECF No. 20-2) is **SUSTAINED**.

Should Plaintiff's deposition or any other discovery bring into greater focus Plaintiff's purpose for a site inspection, the parties are encouraged to meet and confer regarding any forthcoming request for a site inspection (*e.g.*, are there blueprints, sketches or plans that could illustrate layout, etc.?). To that end, the parties may also request a pre-motion discovery conference, if they jointly agree it would help avoid formal motion practice. They are reminded of their obligations

4

to comply with E.D. Mich. Local Rules 7.1 and 37.1, as well as the Undersigned's Practice Guidelines for Discovery and Discovery Motions (see www.mied.uscourts.gov), before they can be heard on any future discovery motions.

Finally, no costs or expenses are awarded because: (1) neither side has definitively prevailed, in light of the rulings made without prejudice as to several items, Fed. R. Civ. P. 37(a)(5)(C); and, (2) under these circumstances, it would be unjust to do so. Fed. R. Civ. P. 37(a)(5)(A)(iii).

**IT IS SO ORDERED.**[2]


Dated:  December 12, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).